**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KAITLYN BATES** | **CIVIL ACTION** |
| **V.** | **NO. 25-2201** |
| **JEFFERSON PARISH SHERIFF'S OFFICE, ET AL** | **SECTION: C (5)** |

**ORDER AND REASONS**

Before the Court is Defendant's 12(b)(1) Partial Motion to Dismiss for Lack of Standing and 12(b)(6)(6) Failure to State a Claim filed on January 20, 2026 (R. Doc. 9). The motion is unopposed. The motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Kaitlyn Bates alleges on October 26, 2024, she merged left on Clearview Parkway to avoid a collision.[1] She claims Deputy Dalton immediately attempted to pull her over but she had no safe place to stop.[2] She alleges Deputy Dalton cut off Bates' vehicle with his patrol unit, ordered her out of the car, drew his firearm, pushed her to the ground, and handcuffed her while she lay face down in the street.[3] Bates claims she posed no threat of harm to Deputy Dalton and that she was let go with only a traffic violation.[4] She alleges Deputy Dalton committed violent acts and offenses against her, inflicting serious bodily injuries that required Bates to seek medical attention.[5]

---

1 R. Doc. 1 at ¶ 5.
2 R. Doc. 1 at ¶ 6.
3 R. Doc. 1 at ¶ 6.
4 *Id.* at ¶ 7.
5 *Id.*

Bates sued Deputy Dalton, Sheriff Lopinto in his official capacity, and the Jefferson Parish Sheriff's Office, asserting claims under 42 U.S.C. § 1983 and Louisiana law, and seeking damages together with declaratory and injunctive relief.[6]

Defendants move to dismiss the request for injunctive relief under Rule 12(b)(1) for lack of standing, and to dismiss the Jefferson Parish Sheriff's Office under Rule 12(b)(6) on the ground that it is not an entity capable of being sued.

## II. LEGAL STANDARD

### A. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to the Court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Assn. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotations omitted). Because a 12(b)(1) motion is jurisdictional, the Court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

In assessing a challenge to its subject matter jurisdiction, the Court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of

---

6 *Id.* at ¶¶ 15, 29.

demonstrating that subject matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

"Standing is a component of subject matter jurisdiction." *James v. Hegar*, 86 F.4th 1076, 1081 (5th Cir. 2023). "Constitutional standing has three elements: (1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Id.*

**B. 12(b)(6)**

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the application of judicial experience and common sense. *Id.* at 679.

While detailed factual allegations are not required, a complaint must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citation omitted). However, the court will not

accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Bates' Lacks Standing to Seek Injunctive Relief

The injunctive relief Bates requests would require Sheriff Lopinto and JPSO to enforce their existing use-of-force policies, to terminate or discipline Deputy Dalton, and to adopt new policies and training directed at the use of force against African Americans and other minorities.[7]

To seek prospective injunctive relief, a plaintiff must show a real and immediate threat of repeated injury; past exposure to unlawful conduct, standing alone, does not establish a present case or controversy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105–06 (1983). The "threatened injury must be *certainly impending* to constitute injury in fact." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *see also James v. Hegar*, 86 F.4th 1076, 1081 (5th Cir. 2023). "[A]llegations of *possible* future injury are not sufficient." *Clapper*, 568 U.S. at 409.

Bates' allegations do not meet that standard. She alleges she now lives in fear of another encounter with Deputy Dalton or other deputies, and that Deputy Dalton's continued employment increases the likelihood of further excessive force.[8] But she does not allege facts suggesting that she herself is likely to be stopped again by Deputy Dalton or by any other deputy, or that, if she were stopped again, she would again be subjected to force. Her fear, however genuine, is not a substitute for a certain impending injury. *See Lyons*, 461 U.S. at 105–07; *Clapper*, 568 U.S. at 416.

---

7 *Id.* at ¶ 29(f).

8 R. Doc. 1 at ¶¶ 11, 13.

Bates allegation that JPSO will continue to use excessive force against African Americans and other minorities does not save her claim. A plaintiff's failure to show that she personally is likely to suffer a certain, impending injury defeats standing to seek prospective relief, whatever the risk to others may be. *James*, 86 F.4th at 1081, 1084 n.3. Because Bates failed to show she is likely to suffer a certain, impending injury, she lacks standing to pursue the injunctive relief sought in paragraph 29(f) of her complaint. Her request for injunctive relief must be dismissed for lack of subject matter jurisdiction.

Defendants ask that the dismissal be with prejudice, urging that amendment would be futile. The Court declines. A dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and must be entered without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020). The Court expresses no view on Bates' remaining requests for relief, including her request for declaratory relief, which defendants have not challenged.

**B. The Jefferson Parish Sheriff's Office Lacks Capacity to be Sued**

The capacity of an entity to be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Under Louisiana law, a parish sheriff's office has no legal status; it is the elected sheriff, not the office, who may sue and be sued. *Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665, 668 (La. 1997); *Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002). Accordingly, JPSO is not a proper party, and no amendment could make it one. The claims against it are dismissed with prejudice.

The dismissal is one of form rather than substance. Bates also named Sheriff Lopinto in his official capacity, and an official-capacity claim against the sheriff is the means by which Louisiana law permits suit against the office he heads. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Therefore, Bates' policy and training theories remain before the Court.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's 12(b)(1) Partial Motion to Dismiss for Lack of Standing and 12(b)(6)(6) Failure to State a Claim (Rec. Doc. 9) is **GRANTED**. Plaintiff Kaitlyn Bates' request for preliminary and permanent injunctive relief is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all claims against the Jefferson Parish Sheriff's Office are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 18th day of August, 2026.

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE